IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAMPBELL'S COMPANY, INC., § | |
| § | |
| Plaintiff, § | |
| § Civil Action No. 17-CV-2861-D | |
| VS. § | |
| § | |
| PRECISION CASTPARTS CORP. and § | |
| KLUNE INDUSTRIES, INC., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Klune Industries, Inc. ("Klune") moves under Fed. R. Civ. P. 15(a) for leave to file its first amended answer. Finding that justice requires that leave to amend be granted, the court grants the motion.

I

Plaintiff Campbell's Company, Inc. ("Campbell") brings this action against defendants Klune and Precision Castparts Corp., seeking a declaratory judgment on the interpretation of an agreement between Campbell and Klune, and it requests attorney's fees if it prevails.

The court's scheduling order set October 1, 2018 as the deadline to file a motion for leave to amend the pleadings. In compliance with the scheduling order, Klune moved for leave to file its first amended answer on October 1, 2018, seeking to include a request for attorney's fees. Klune also attached a certificate of conference indicating that the motion was unopposed. The court granted the motion by electronic order on October 1, 2018 on the basis

that the motion was unopposed. But on October 3, 2018 Campbell filed a motion for reconsideration and to strike Klune's first amended answer, asserting that the filed pleading exceeded Campbell's consent.[1] The court granted the motion, explaining that "[b]ut for the certificate of conference, the court would not have granted Klune's motion without awaiting an opposition response." Oct. 3, 2018 Order at 1. The court vacated its order granting leave to amend and directed "the clerk of court to reflect that Klune's motion for leave to amend is a pending motion." *Id.* (citation omitted). Campbell then filed its opposition response, maintaining that Klune's motion for leave to amend its answer is the product of undue delay and would be prejudicial and futile if allowed.

II

A

Because Klune filed the instant motion by the deadline established in the scheduling order, the jurisprudence of Rule 15(a), rather than Rule 16(b)(4), applies. *See Orthoflex, Inc. v. ThermoTek, Inc.*, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) (Fitzwater, C.J.). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut.*

---

[1]Campbell maintains that it consented to minor changes in the pleaded facts, but not to the addition of a request for attorney's fees.

*Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). "[T]he district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (collecting cases). "When, as here, [a] part[y] file[s] a motion for leave to amend by the court ordered deadline, there is a 'presumption of timeliness.'" *Carmack v. Park Cities Healthcare, LLC*, 2017 WL 6025264, at *2 (N.D. Tex. Dec. 5, 2017) (Fitzwater, J.) (quoting *Poly-America, Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)).

B

Campbell contends that allowing Klune to amend its answer to include a request for attorney's fees would be prejudicial because Campbell has not designated a rebuttal expert witness on the issue of attorney's fees, and the deadline to designate rebuttal expert witnesses has passed. Campbell also maintains that allowing the amendment would be futile because Klune has failed to designate an expert witness on the issue of attorney's fees, and the deadline to do so has passed. Finally, Campbell asserts that Klune unduly delayed in requesting attorney's fees, a claim for affirmative relief that Klune knew about and could have sought earlier.

Klune responds that Campbell has already designated an expert witness on the issue of its own request for attorney's fees and that this expert may also be sufficient for rebuttal of Klune's request. Klune also contends that it has already designated a rebuttal expert witness on the issue of Campbell's request for attorney's fees and that this expert may be

sufficient for its own request. Finally, Klune maintains that because either party may seek leave to amend its expert designations, if necessary, the motion should be granted.

The court concludes that Klune's motion for leave to file its first amended answer should be granted. Campbell has failed to make a sufficient showing of undue prejudice because the court can "adjust . . . expert deadlines" and "make other scheduling adjustments that are necessary to ensure fairness and equal treatment to both parties." *See Poly-America*, 2002 WL 206454, at *1 (rejecting claim of undue prejudice and granting leave to file amended answer).[2] Moreover,

> [t]his court has typically treated the designation of attorney's fee experts differently from other experts. In most instances . . . Rule 54(d) provides that attorney's fees are decided by the court on motion filed after the entry of judgment. Attorneys who represent parties against whom such fees are sought are not surprised by expert testimony because they can usually expect that opposing counsel will attempt to prove his attorney's fees and because they are themselves experts on the subject. Because the matter is handled by motion and usually decided on affidavits, the court can cure any prejudice that a party may face from a tardy designation by continuing submission of the attorney's fee issue if the party needs additional time to obtain its own expert.

*Wright v. Blythe-Nelson*, 2001 WL 804529, at *6 (N.D. Tex. July 10, 2001) (Fitzwater, J.) (footnote omitted).

Neither does the court find that Klune unduly delayed in moving for leave to amend,

---

[2]The court notes that if a party intends to seek leave to amend the scheduling order to designate an expert witness, the party may move under the good cause standard of Rule 16(b)(4) to amend the scheduling order so that the motion to amend can be deemed timely filed.

because, as noted above, there is a presumption of timeliness in this case, and that presumption has not been rebutted. Finally, Campbell does not assert, nor does the court find any evidence of, bad faith, dilatory motive, or failure to cure past deficiencies.

As for Campbell's assertion of futility, this court's

> almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Reneker v. Offill*, No. 3:08-CV-1394, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) (Fitzwater, C.J.).

\* \* \*

Accordingly, the court grants Klune's motion for leave to file its first amended answer, and the clerk of court is directed to file the first amended answer.

**SO ORDERED**.

November 9, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE